**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4072
_____

SCOTTIE R. HURST,
                                    Appellant

v.

S. SNIDER; LT. HUNTER; LT. SCAMPONE;
N. DREESE; 4 JOHN DOE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:11-cv-02122)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2013

Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: July 17, 2013)
_____

OPINION
_____


PER CURIAM

Scottie R. Hurst, a federal inmate proceeding pro se, appeals from the District Court's order granting the defendants' motion for summary judgment. For the following reasons, we will affirm.

I.

In November 2011, Hurst filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the defendants violated his Fourth and Fifth[1] Amendment rights by taking his property. According to Hurst, Lieutenant Hunter ordered staff at USP Lewisburg to take Hurst's property and give it to another inmate on another floor, which four unknown correctional officers did. He further asserted that Lieutenant Scampone failed to recover his property even after Hurst notified him of the issue. Hurst alleged that Officer Snider concealed the fact that his property was given to another inmate, and that although Special Investigative Supervisor Dreese recovered some of his property, he neither replaced nor reimbursed Hurst for the property that remained missing.[2]

---

[1] Hurst's complaint alleged that the defendants' actions violated his Sixth Amendment rights. However, as Hurst did not allege any facts supporting a Sixth Amendment violation, the District Court construed his claim as a Fifth Amendment due process claim.

[2] According to the defendants, on December 23, 2010, Hurst packed his property after being advised that he was going to be placed in restraints. Hurst was then placed in ambulatory restraints because he refused to be placed in hand restraints so that his cellmate could be placed back into the cell and because he had threatened to assault anyone who entered his cell. Staff discovered that some of Hurst's cellmate's property was commingled with Hurst's.

The defendants filed a motion to dismiss, or, in the alternative, a motion for summary judgment. The District Court granted summary judgment, concluding that Hurst had failed to exhaust his administrative remedies,[3] that he had not raised any cognizable claims, and that the defendants were entitled to qualified immunity. Hurst subsequently filed a motion for reconsideration, which was denied. This timely appeal followed.

## II.

We have jurisdiction over the District Court's orders. 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the denial

---

[3] The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement applies to federal prisoners, like Hurst, seeking relief through a Bivens action. See Nyhuis v. Reno, 204 F.3d 65, 69 (3d Cir. 2000). The District Court determined that Hurst had not exhausted his administrative grievances because he failed to file an official grievance with the warden within twenty days following the date of the incident. See 28 C.F.R. §§ 542.13(a), 542.14(a). In Brown v. Croak, 312 F.3d 109, 111-13 (3d Cir. 2002), we concluded that prison officials had not met their burden of demonstrating failure to exhaust in the face of a supported allegation that a prisoner relied on assurances that an investigation needed to be completed before he filed his grievances. In his motion for reconsideration, Hurst makes a similar allegation. Given the uncertainty regarding exhaustion, we have chosen to address the substance of Hurst's claims. See Glover v. FDIC, 698 F.3d 139, 144 n.4 (3d Cir. 2012) (a district court can be affirmed on any basis supported by the record); Nyhuis, 204 F.3d at 69 n.4 (exhaustion under the PLRA is not a jurisdictional requirement).

3

of a motion for reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

## III.

We agree with the District Court that Hurst failed to raise cognizable constitutional claims. Hurst's claim that the defendants violated his Fourth Amendment rights by taking his property is meritless, as the Supreme Court has held that "the Fourth Amendment has no applicability to a prison cell." Hudson v. Palmer, 468 U.S. 517, 536 (1984), see also id. at 538 (O'Connor, J., concurring) ("The fact of arrest and incarceration abates all legitimate Fourth Amendment privacy and possessory interests in personal effects . . ., and therefore all searches and seizures of the contents of an inmate's cell are reasonable."); Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010). Furthermore, to the extent that Hurst alleged his due process rights were violated by the confiscation of his property, he was provided with an adequate post-deprivation remedy through the Bureau of Prisons' administrative remedy process. See Hudson, 468 U.S. at 533; Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000).

Furthermore, the District Court did not abuse its discretion in denying Hurst's motion for reconsideration, as the motion did not identify any of the grounds required for reconsideration. See Lazaridis, 591 F.3d at 669.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment.

4